UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MOORE d/b/a MOORE FAMILY FARMS, *et al.*, | Case No.: 20-cv-252 (PJS/HB) |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC. *et al.*, | Submitted to Special Master |
| Defendants. | |

Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and C.H. Robinson Company (collectively "CHR" or "Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

As CHR explained in its Motion to Consolidate *Terry Lusk, Jason Lusk, and Justin Luck d/b/a JTJ Farms v. C.H. Robinson Worldwide, Inc., et al.*, No. 20-cv-879 (PJS/HB) (the "*Lusk*" case), with *David Moore d/b/a Moore Family Farms, et al., v. C.H. Robinson Worldwide, Inc., et al.*, No. 20-cv-252 (PJS/HB) (the "*Moore*" case) (*Moore*, ECF 97), Plaintiffs have improperly split claims arising from one cause of action into two cases. Their belated division of their claims and realignment of individual Plaintiffs between and among the two cases is improper, and reveals their true goal of avoiding the rule against one-way intervention. Both *Moore* and *Lusk* arise from a common core of alleged facts and legal claims—that CHR violated the Perishable Agricultural Commodities Act ("PACA") and allegedly breached duties arising from its contracts with

the Plaintiff growers.  Indeed, despite the fact that each of the *Moore* Plaintiffs purports

to possess so-called "Failure to Disclose" claims, all of the *Moore* Plaintiffs have dropped

such claims in the *Moore* case, and will instead pursue them as class members in the *Lusk*

case.  (*Moore*, ECF 56 at 2; *id*., 80)

Through their procedural maneuvering, the *Moore* Plaintiffs seek to avoid the rule

against one-way intervention, and it is anticipated that they will attempt to attack CHR

collaterally in *Lusk*—a case that is arguably worth more to the Plaintiffs—with a

favorable ruling in *Moore* (however unlikely that may be).  To be clear, CHR does not

concede that this matter is appropriate for class action treatment and will oppose any

attempt to certify the class.  Rather, CHR argues that consolidation is necessary to avoid

the claim-splitting attempted by the *Moore* Plaintiffs.  Indeed, the *Moore* Plaintiffs'

maneuvering to split their claims is not only wasteful, but also improper, and the *Moore*

case should either be dismissed without prejudice, so that their claims can be added to or

consolidated with the *Lusk* case, or stayed pending the outcome of *Lusk*.

### FACTUAL & PROCEDURAL BACKGROUND[1]

I.  **Plaintiffs Assert Disclosure and Marketing Claims in the *Townsend* and *Moore* Cases.**

On December 7, 2018, Townsend Brothers Ag Enterprises, LLC ("Townsend"), a

Florida-based watermelon grower, filed its original complaint against CHR.  (Case No.

18-cv-03348 ("*Townsend*"), ECF 1.)  Over the next several months, Townsend amended

its Complaint twice, and eleven other Plaintiffs filed related lawsuits against CHR.  These

---

[1] The relevant background, set forth in this Memorandum for ease of reference, is also
described in CHR's Motion to Consolidate.  (*Moore*, ECF 98.)

lawsuits—nine in total—contained a mixture of what the parties have called "Failure to Disclose" claims ("Disclosure" claims) and "Failure to Market" claims ("Marketing" claims), all of which arose out of the parties' annual contracts with CHR.  (*Townsend*, ECF ¶¶ 21-25; *Moore*, ECF 36 ¶¶ 91-102; *id.*, ECF 80 ¶¶ 63-76; *Lusk*, ECF 1 ¶¶ 58-83.) In October 2019, at the parties' request, the Court consolidated all nine lawsuits into *Townsend* and ordered the twelve Plaintiffs to file a consolidated complaint.

In response, on November 12, 2019, the *Townsend* Plaintiffs filed     a complaint that consolidated all of the Plaintiffs' prior claims, but also included claims from twelve new Plaintiffs and class action allegations.  (*Townsend*, ECF 104.)   The *Townsend* putative class action complaint asserted substantially the same Disclosure and Marketing claims that now reside in *Lusk* and *Moore*, respectively.  (*Compare Townsend*, ECF 104 *with Lusk*, ECF 1 & *Moore*, ECF 80.)  Thus, the claims that Plaintiffs have split between *Moore* and *Lusk* were previously asserted together in the *Townsend* case in November 2019.

After Plaintiffs filed the consolidated complaint in *Townsend*, they acknowledged and argued in favor of the desirability of litigating all of their Disclosure and Marketing claims in one case.  In fact, on November 13, 2019, Plaintiffs' counsel sent the Court correspondence arguing in support of consolidation of the class action claims and procedural device with the individual claims asserted by Townsend and the new plaintiffs.  (Declaration of Mark W. Wallin, ¶ 2, Ex. A.)  Plaintiffs' counsel argued that the class action claims should be consolidated with both the existing claims in *Townsend* as well as the claims asserted by the new plaintiffs because, in the event additional cases

were filed by Plaintiffs' counsel against CHR, "[Plaintiffs] would have sought consolidation of those cases because . . . those claims and defenses are all identical." (*Id.*)

Although CHR initially objected to the filing of this class action complaint on procedural grounds, it ultimately agreed that consolidation of the Disclosure claims, Marketing claims, and class claims was the most efficient path forward.[2] (*Townsend*, ECF 109 at 2.) Despite CHR's agreement to include the class claims in the *Townsend* case, Plaintiffs' counsel ultimately requested that the Court strike *their own class action Complaint* filed in *Townsend*. (*Id.* at 7.) Then, on December 6, 2019, Townsend and the 11 other Plaintiffs filed a consolidated complaint against CHR, which removed the class claims but included both Disclosure and Marketing claims. (*Townsend*, ECF 112.) Just over a month later, on behalf of 12 additional named plaintiffs, Plaintiffs' counsel filed the *Moore* putative class action complaint, which also asserted Disclosure and Marketing claims that, by their terms, completely subsumed the *Townsend* consolidated complaint. (*Moore*, ECF 1; *see also* ECF 24, 27 & 50.)

---

[2] CHR's objection was based upon the fact that the Court had ordered consolidation of previously-filed related cases, and the Parties were attempting to stipulate to certain facts to facilitate early summary judgment motions. Plaintiffs' filing of the class action claims in *Townsend* went beyond what the Court had instructed with respect to consolidation, and fundamentally changed the trajectory of the case, which at the time was moving toward summary judgment. CHR objected to the inclusion of class claims at that juncture because seeking summary judgment before class certification violated the rule against one-way intervention encompassed by Rule 23. Ultimately, however, CHR agreed that allowing the *Townsend* Plaintiffs to amend their Complaint to allege class action claims was the most efficient path forward, but in agreeing to proceed under a putative Class Action Complaint, CHR explained that it was no longer amenable to early summary judgment motions.

## II.   Plaintiffs Separate and Sort the Disclosure and Marketing Claims Into *Moore* and *Lusk*.

During a January 2020 hearing in *Townsend*, CHR advised Plaintiffs and the Court

that it intended to file a motion to consolidate the *Townsend* and *Moore* matters, which

CHR did on February 14, 2020.  (*Moore*, ECF 24.)  Before the Court could rule on

CHR's consolidation motion, Plaintiffs' counsel repeatedly amended the *Moore*

complaint in an attempt to avoid consolidation.  First, on March 3, 2020, Plaintiffs filed

an amended class complaint in *Moore* that amended (among other allegations) the

proposed class definition.  (*Id.*, ECF 36.)  Then, on April 3, 2020, without obtaining

consent from CHR, two of the named Plaintiffs in *Moore*, JTJ Farms and JMR Farms,

voluntarily dismissed all of their claims in *Moore* (*Id.*, ECF 51) and on the same day

refiled their Disclosure claims on behalf of a putative class in *Lusk*.  (*Lusk*, ECF 1.)  Also

on April 3, 2020, the remaining named Plaintiffs in *Moore* (improperly)[3] dismissed their

Disclosure claims and class claims against CHR, leaving only the Marketing claims.

(*Moore*, ECF 52.)

---

[3] By its own terms, Rule 41(a)(1) permits dismissal of an "action," which refers "not to all the claims against all defendants in the case, but to all the claims asserted against a single defendant."  *See Pedroza v. No Lomas Auto Mall, Inc.*, No. CIV 07-0591 JB/RHS, 304 F.R.D. 307, 322, 2014 U.S. Dist. LEXIS 170635, *43 (D.N.M. Nov. 30, 2014).  Where a plaintiff only intends to dismiss some of its claims against a defendant, the plaintiff must pursue amendment under Rule 15 rather than dismissal under Rule 41.  *See, e.g., Smith v. Lurie*, No. 09-3513 (DWF/SER), 2011 U.S. Dist. LEXIS 122012, *2-3 (D. Minn. October 21, 2011) ("[T]he Court concludes that Plaintiffs' motion is properly before the Court as a motion to amend, as opposed to a motion for voluntary dismissal pursuant Rule 41(a)(2), with respect to their request for partial dismissal of the complaint.")

Plaintiffs' counsel then advised the Court, based upon their series of voluntary dismissals, which they filed *after* CHR filed its reply in support of consolidation (*Id.*, ECF 50), that they planned to consolidate what remained of *Moore* with the *Townsend* case.  (*Id.*, ECF 56.)  Plaintiffs represented to the Court that, prior to the voluntary dismissals, *all* of the plaintiffs in *Townsend* and *Moore* asserted Disclosure claims, while some of the Plaintiffs in each case alleged Marketing claims.  (*Id.*)  Plaintiffs proposed that the newly consolidated *Moore*/*Townsend* case would include only Marketing claims and—aside from JTJ Farms and JMR Farms who filed the *Lusk* class action complaint— any Plaintiff who only had Disclosure claims, but not Marketing claims, would drop out of the *Moore* case and would simply be members of the putative class in *Lusk*.  (*Id.*)

After the Court entered an Order consolidating *Townsend* and what was left of *Moore* (*Townsend*, ECF 197), Plaintiffs filed a Second Amended Consolidated Complaint (the "SACC") under the *Moore* case number, consolidating *Townsend* and *Moore*, with Moore as the lead Plaintiff.  (*Moore*, ECF 80.).  The SACC in *Moore* was based upon Plaintiffs' Failure to Market theory of recovery.  (*See id.* ¶¶ 55-75.)  The *Moore* SACC included all of the original *Moore* Plaintiffs, except JTJ Farms and JMR Farms, but included only three of the Plaintiffs from the *Townsend* consolidated complaint. (*Compare Moore*, ECF 80 *with Moore*, ECF 36 & *Townsend*, ECF 112.)

The SACC—now the operative complaint—in *Moore* asserts many overlapping allegations as the *Lusk* class action complaint.  Both cases implicate PACA.  (*Moore*, ECF 80 ¶¶ 3-6, 36, 77-85; *Lusk*, ECF 1, ¶¶ 2-7, 151-178.)  Both cases are also allegedly based upon the agreements between CHR and all Plaintiff growers,  which agreements

supposedly give rise to duties that CHR owes to the Plaintiff growers and the putative

class of growers.  (*Moore*, ECF 80 ¶¶ 31-35, 63-76, 90-105; *Lusk*, ECF 1 ¶¶ 58-83, 186-

208.)  The same contracts that Plaintiffs allege give rise to their Marketing claims also

allegedly give rise to Plaintiffs' Disclosure claims.  (*Moore*, ECF 36 ¶¶ 91-102; *id.*, ECF

80 ¶¶ 63-76; *Lusk*, ECF 1 ¶¶ 58-83.)  What is more, both the *Moore* case and the *Lusk*

case assert the same causes of action: (1) violation of PACA; (2) breach of contract;

(3) breach of fiduciary duty; and (4) breach of implied duty of good faith and fair dealing.

(*Moore*, ECF 80 ¶¶ 77-110; *Lusk*, ECF 1 ¶¶ 151-213.)

### III.     The Parties' Meet and Confer Efforts Regarding this Motion.

During the April 8, 2020 and April 28, 2020 hearings in the now-consolidated

*Moore* case, CHR represented to Plaintiffs and to the Court that it intended to seek

consolidation of the *Lusk* and *Moore* matters.  (Wallin Decl., ¶ 3, Ex. B, Tr. of April 8,

2020 Hearing at 24:12-25:9; Ex. C, Tr. of April 28, 2020 Hearing at 26:20-25.)  The

Court indicated that it would prefer that any such consolidation motion be filed sooner

than later.  (Wallin Decl., ¶ 4, Ex. C at 31:17-22; *id.* at 32:8-18; *id.* at 45:10-17.)

Accordingly, on May 5, 2020, CHR sent Plaintiffs' counsel a letter requesting a

meet and confer, pursuant to Local Rule 7.1, concerning consolidation.  (Wallin Decl., ¶

5, Ex. D.)  CHR also sought to meet and confer with Plaintiffs concerning the Rule 12

motions that it planned to file in both *Moore* and *Lusk*.  (*Id.*)  Due to the Court's directive

to file its consolidation motion with all due haste, and because at the time CHR's

deadline to responsively plead to the SACC in *Moore* was May 15, 2020, CHR requested

that Plaintiffs respond to its letter and schedule a meet and confer by May 8, 2020.  The

parties met and conferred on May 11, 2020, but failed to reach agreement during the call.

After the call, Plaintiffs' counsel claimed confusion over CHR's position, but

agreed that the motion to consolidate "based on [*Moore*, ECF 60 ¶ 4], does not require a

pre-motion meet and confer."  (Wallin Decl., ¶ 6, Ex. E, May 11, 2020, Email

Correspondence from P. Stern.)  Due to their maneuvering to date, CHR has no cause to

believe that Plaintiffs genuinely believe that more discussion will persuade Plaintiffs to

dismiss the *Moore* lawsuit and consolidate it with *Lusk*.  Rather more discussion would

only cause CHR to lose precious time to prepare its Motion, which it only had 14 days to

do under the Federal Rules, at the time.  Thus, CHR discharged its obligation to meet and

confer with Plaintiffs, and it advised Plaintiffs that it would proceed with filing its

motions as outlined in its letter.  (Wallin Decl., ¶ 7, Ex. F, May 13, 2020, Email

Correspondence from P. Wozniak.)

On May 15, 2020, as CHR prepared to file this motion, the Court entered an Order

appointing Judge Richard Solum (ret.) as Special Master (ECF 94) and extending the

time for CHR to file it responsive pleading in this matter until June 29, 2020.  (ECF 95.)

Also on May 15, 2020, Judge Schiltz's courtroom deputy emailed the parties to advise

them that no motions may be filed without the approval of the Special Master.  (Wallin

Decl. ¶ 8, Ex. G, May 15, 2020, Email Correspondence from C. Glover.)  During the

parties' June 4, 2020 initial conference with the Special Master, CHR requested

permission to file this Motion, which the Special Master granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss requires the Court to consider all facts alleged in the complaint as true, and construe the pleadings in the light most favorable to the non-moving party. *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir. 2001). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility" and, therefore, must be dismissed. *Id.* (internal quotation marks omitted).

## ARGUMENT

**I.    *MOORE*  SHOULD  BE  DISMISSED  BECAUSE  PLAINTIFFS IMPROPERLY SPLIT THEIR CLAIMS**

It is well established that all claims based on a common set of facts must be brought together, and cannot be parsed out to be heard by different courts. *Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 1000 (8th Cir. 2014) (citing *Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) ("Plaintiffs generally must bring

all claims arising out of a common set of facts in a single lawsuit, and federal district courts have discretion to enforce that requirement as necessary to avoid duplicative litigation."); *see also Stone v. Department of Aviation,* 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common-law rule of claim preclusion prohibiting the splitting of actions"); 18 C. Wright et al., Federal Practice and Procedure § 4406, p. 40 (2d ed.2002, Supp.2011) (discussing "principles of 'claim splitting' that are similar to claim preclusion, but that do not require prior judgment").

Claim splitting involves bringing two lawsuits based on a common set of facts with slightly different theories of recovery. *Pearson v. City of Big Lake, Minn.*, No. CIV. 10-1745 JRT/FLN, 2011 WL 1136443, at *4 (D. Minn. Mar. 25, 2011). Minnesota courts have long held that parties to a litigation may not split their claims. *E.g.*, *Charboneau v. Am. Family Ins. Co.*, 481 N.W.2d 19, 21 (Minn. 1992). Minnesota courts distinguish between claim splitting and the related doctrine of *res judicata* based on the nature of the relief sought by the party asserting claim splitting. *Brown–Wilbert, Inc. v. Copeland Buhl & Co.,* 732 N.W.2d 209, 222 (Minn. 2007). "Where a dismissal with prejudice is sought, claim splitting supports that remedy *only* if the elements of *res judicata* are also present." *Id.* (emphasis added). However, where a dismissal without prejudice or a stay is sought, "claim splitting may be considered as an abatement defense even though the elements of res judicata are not present" when it appears there are two pending causes of action involving the same common nucleus of facts. *Id.*

Further, although the application of *res judicata* depends on a final judgment in one action, the defense of claim-splitting may be asserted during the pendency of both related cases. *MacIntyre v. Lender Processing Servs., Inc.*, No. CIV. 12-1514 PAM/SER, 2012 WL 4872678, at *2 (D. Minn. Oct. 15, 2012). Nonetheless, the principles of res judicata illuminate the claim-splitting determination. *Id*. If the remedy the defendant seeks is dismissal without prejudice, the claim-splitting analysis need not include a determination that all of the claims in the second lawsuit would be precluded as under *res judicata*. *Id*.

Courts use the principles of *res judicata* to evaluate a claim-splitting defense, so that a party may not raise in a second suit a claim that is "part of the transaction, or series of connected transactions, out of which [a prior proceeding] arose." Restatement (Second) of Judgments § 24(1). Like *res judicata*, the prohibition against claim-splitting bars a plaintiff from bringing in a second action claims that "were raised or could have been raised in the prior suit" or claims that arise out of the "same nucleus of operative facts as the prior claim." *Lane v. Peterson*, 899 F.2d 737, 741, 742 (8th Cir. 1990).

Based on the forgoing principles, Plaintiffs' division and realignment of their claims amounts to improper claim-splitting. Accordingly, the Court must dismiss without prejudice the *Moore* case (so that it may be combined with *Lusk*), or in the alternative, stay the *Moore* case until the *Lusk* case is resolved.

**A.     The *Moore* and *Lusk* Cases Arise Out of a Common Nucleus of Alleged Facts and Law**

11

The allegations of fact and law asserted by Plaintiffs in both the *Moore* and *Lusk* cases arise from the same common nucleus. As a result, Plaintiffs' attempt to now split their claims into two different cases is improper.

The *MacIntyre v. Lender Processing Servs., Inc.* case is illustrative.  2012 WL 4872678, at *2.  In *MacIntyre*, the court dismissed plaintiff's complaint, pursuant to Rule 12(b)(6), finding that plaintiff's attempt to bring two lawsuits based upon her employment with defendant violated the "prohibition against claim-splitting." *Id*. at *1-2.  Plaintiff first brought a breach of contract lawsuit in state court against her former employer, alleging that the defendant failed to pay her bonus. *Id*. at *1.  Plaintiff later brought suit against the defendant for discrimination under Title VII, which was removed to federal court. *Id*.  The defendant employer then moved to dismiss the federal court lawsuit, arguing that plaintiff had improperly split her claims. *Id*.

Granting defendant's motion, the district court explained that "Plaintiff [has] merely presented different legal claims which spring from the same set of facts." *Id.* at *3.  Relying on *res judicata* principles, the court reasoned that a plaintiff may not bringing claims in a second action that "were raised or could have been raised in the prior suit" or could arise out of the "same nucleus of operative facts as the prior claim." *Id*. (quoting *Lane v. Peterson*, 899 F.2d 737, 741, 742 (8th Cir. 1990)).  Consequently, the court dismissed plaintiff's subsequently filed discrimination case, and instructed her to amend her previously filed case to include her allegations of discrimination. *Id*. at *3; *see also Pearson v. City of Big Lake, Minn.,* No. CIV. 10-1745 JRT/FLN, 2011 WL 1136443, at *4 (D. Minn. Mar. 25, 2011) (dismissing claims pursuant to Rule 12(b)(6),

12

finding that plaintiff improperly split his claims by "using the same facts to assert slightly different causes of action, and if he had sought to amend the consolidated complaint in a timely fashion this litigation would likely have been unnecessary").

Much like in *McIntyre*, here, both *Moore* and *Lusk* allegedly arise out of the same or similar annual contracts for the marketing and sale of produce.  Based upon these allegedly similar contracts and transactions, Plaintiffs assert virtually the same four causes of action predicated upon PACA, supposed fiduciary duties, and the contracts between CHR and the Plaintiff growers.  Further, just as in *McIntyre*, that Plaintiffs' theories of recovery are slightly different is immaterial, because both *Moore* and *Lusk* arise from an alleged common nucleus of facts and law.  Indeed, Plaintiffs' Marketing claims and Disclosure claims are merely different theories of breach allegedly based upon the *same grower contracts*.

The *res judicata*-type analysis applied by the Eighth Circuit demonstrates further why Plaintiffs' separation of *Moore* and *Lusk* amounts to improper claim-splitting. Plaintiffs' amended the *Moore* and *Townsend* cases by withdrawing their Disclosure claims, which claims were *previously alleged in both Townsend and Moore cases*, and shifting them to the newly-filed *Lusk* case—which was filed by Plaintiffs who were formerly a part of the *Moore* case alone. (ECF 38 at 6.)  All of the named Plaintiffs in *Moore* are putative members of the proposed class in *Lusk*.  Therefore, if either case were to proceed to final judgment, the Plaintiffs participating in both cases, either as named Plaintiffs or putative class members, would be barred from pursuing any claims in the other case.  *MacIntyre*, 2012 WL 4872678, at *2 (finding that plaintiff improperly split

her claims and stating "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose").

Indeed, beyond Plaintiffs' allegations, Plaintiffs' counsel *themselves* evidently believe (or believed) that the facts alleged and claims asserted arose from a common nucleus *because they previously asserted these allegations and claims together in one case*—first in *Townsend,* and then in *Moore*. (*Townsend*, ECF 102; *Moore*, ECF 1, 36.) Plaintiffs' counsel cannot credibly argue otherwise.

As a result, because *Moore* and *Lusk* not only arise from the same common nucleus of facts and law, but also because the cases were originally brought together, the Court should dismiss the *Moore* case without prejudice to consolidate or merge such claims with the *Lusk* claims. Alternatively, the Court should stay the *Moore* case pending the outcome of *Lusk*.

### B. Plaintiffs Have Split Their Claims to Improperly Gain a Procedural Advantage

Through their procedural maneuvering, the *Moore* Plaintiffs are attempting to make an end-run around the rule against one-way intervention, and then will seek to use a favorable summary judgment decision (however unlikely that is) in *Moore* collaterally against CHR in *Lusk*, where the stakes are arguably higher. *See* Rule 23(c)(1).[4]  Yet, if a

---

[4] In 1966, the drafters amended Rule 23 to specifically prohibit "one-way intervention." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 545-49 (1974).  The drafters amended the Rule because they found it "unfair to allow members of a class to benefit from a

summary judgment motion in *Moore* is unfavorable, the *Lusk* Plaintiffs will not be bound by the decision and will seek another bite at the apple.  Plaintiffs' efforts to circumvent the rule against one-way intervention demonstrate why their claim-splitting is improper, and why the *Moore* case must be either consolidated or merged with *Lusk*.

Indeed, in opposition to CHR's previous Motion to Consolidate (*Moore*, ECF 38), Plaintiffs admitted that they would be within their rights to use a favorable decision in *Townsend* as a sword against CHR in *Moore*, based upon collateral estoppel.  And CHR expects that the Plaintiffs would assert the same argument relative to *Moore* and *Lusk*.[5] Yet, the case cited by Plaintiffs in Opposition to CHR's original consolidation motion recognizes why Plaintiffs' maneuvering and claim-splitting is improper.  In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), cited by Plaintiffs, the Supreme Court recognized that "in cases where a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel."  *Id*. at 331.  Here, Plaintiffs could "easily" combine the claims in the *Moore* and *Lusk* cases.  They in fact already did so, *twice*: first alleging then striking the *Townsend* class action allegations, and second alleging then voluntarily dismissing the class claims in *Moore*.

---

favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.* at 547.

[5] Indeed, given the overlap in PACA and breach of fiduciary duty claims in the two cases, Plaintiffs will undoubtedly attempt to parlay a favorable decision concerning either of those causes of actions in *Moore*, however unlikely that favorable decision may be, into a collateral estoppel argument in *Lusk*.

Accordingly, dismissal without prejudice, or in the alternative entering a stay in *Moore* pending the resolution of *Lusk,* is appropriate not only because both *Moore* and *Lusk* arise from the same common nucleus of operative facts, but also because of Plaintiffs' attempts to gain an improper and unfair procedural advantage.

## **CONCLUSION**

Through their words and actions, Plaintiffs' counsel have effectively admitted that the *Moore* and *Lusk* cases arise from allegations of common fact and law, and should therefore proceed together.  Yet in order to game the rules of procedure, Plaintiffs have improperly split the parties and claims making up the *Moore* and *Lusk* cases.  CHR requests that the Court put a stop to Plaintiffs' maneuvering, so that this case can proceed in an orderly manner.  For the reasons stated herein, CHR respectfully requests that the Court grant its motion and enter an Order dismissing without prejudice the *Moore* complaint pursuant to Rule 12(b)(6).  In the alternative, CHR requests that the Court stay the *Moore* case until the *Lusk* case has been resolved.

Dated:  June 4, 2020                    Respectfully Submitted,

                                        **FAFINSKI MARK & JOHNSON, P.A.**


                                        s/ Patrick J. Rooney
                                        Patrick J. Rooney (#0198274)
                                        Bradley R. Hutter (#0396531)
                                        Adina R. Florea (#0395026)
                                        Flagship Corporate Center
                                        775 Prairie Center Drive, Suite 400
                                        Eden Prairie, MN  55344
                                        (952) 995-9500
                                        *patrick.rooney@fmjlaw.com*
                                        *bradley.hutter@fmjlaw.com*
                                        *Adina.florea@fmjlaw.com*

                                        Peter Wozniak (*admitted pro hac vice*)
                                        Mark Wallin (*admitted pro hac vice*)
                                        Barnes & Thornburg LLP
                                        One North Wacker Drive, Suite 4400
                                        Chicago, IL 60606-2833
                                        Peter.Wozniak@btlaw.com
                                        MWallin@btlaw.com

                                        *Attorneys for Defendants C.H. Robinson*
                                        *Worldwide, Inc., C.H. Robinson Company, Inc.,*
                                        *and C.H. Robinson Company*