UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MOORE d/b/a MOORE FAMILY FARMS, *et al.*, | Case No.: 20-cv-252 (PJS/HB) |
| Plaintiffs, | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS TO CONSOLIDATE AND DISMISS ACTIONS** |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC. *et al.*, | |
| Defendants. | Submitted to Special Master |
| TERRY LUSK, JASON LUSK, and JUSTIN LUSK, individually and d/b/a JTJ FARMS, *et al.*, | Case No.: 20-cv-879 (PJS/HB) |
| Plaintiffs, | |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC. *et al.*, | |
| Defendants. | |

CHR hereby replies in order to correct the record concerning, the half-truths, misrepresentations, and outright lies set forth in Plaintiffs' Opposition.  As ever, while consolidation or merger is appropriate, certification is not, and CHR will oppose any class.

## I.   PLAINTIFFS' CLAIMS HAVE NOT MATERIALLY CHANGED

Throughout their Opposition, Plaintiffs argue that their cases have "materially changed," and that the change excuses Plaintiffs from their prior arguments and actions in favor of consolidation.  A sober review of the record demonstrates that the cases have not materially changed, the same efficiencies gained by consolidation exist, and Plaintiffs, not CHR, requested that Court strike the *Townsend* Consolidated Class Action Complaint ("CCAC").

CHR's March 13, 2020 meet and confer letter, identified by Plaintiffs, did not materially change the issues Plaintiffs raise in these cases.[1]  (*See Moore*, ECF 39 at 9-13.) As that letter shows, Plaintiffs persist in misconstruing and misunderstanding the potential conflicts occasioned by their refusal to sensibly consolidate the cases.  It is one thing for Plaintiffs to disagree with CHR's argument; it is quite another for them to repeatedly misrepresent to the Court that which was actually argued, or to insensibly suggest that Plaintiffs have refused to consolidate in response to CHR's arguments.

CHR has repeatedly explained (*see, e.g., Lusk*, ECF 24 at 13-15) that Plaintiffs have the point about potential conflicts exactly backwards.  As CHR's March 13, 2020 letter explained, the potential conflict identified exists *because* Plaintiffs refuse to consolidate.

---

[1] Indeed, the suggestion is ludicrous.  The March 13 letter came three months *after* Plaintiffs asked the Court to strike their own Consolidated Class Action Complaint.

*See Lou v. Ma Labs., Inc.*, No. C 12-05409 WHA, 2014 WL 68605, at *2 (N.D. Cal. Jan. 8, 2014).   Plaintiffs cannot now argue that they have refused consolidation in order to prevent potential conflicts or that they did so *in response* to CHR's argument, when CHR's argument has always been that Plaintiffs' refusal to consolidate creates the conflict.[2]

Notwithstanding Plaintiffs' counsel apparent confusion concerning their ethical obligations, the efficiencies previously identified by Plaintiffs (*see Moore*, ECF 28-1 at 1) have not materially changed.   The Disclosure and Marketing claims contained in *Moore* and *Lusk* have remained the foundation of Plaintiffs' Complaints since the *Townsend* CCAC was filed in November 2019.

Furthermore, while Plaintiffs' remark at CHR's supposed *chutzpah*, they continue to mischaracterize how the *Townsend* CCAC came to be stricken.   *Plaintiffs requested* that the Court strike the *Townsend* CCAC.   (*Townsend*, ECF 109 at 7.)  CHR advised the Court that moving forward with a version of the CCAC was the most efficient path forward.   (*Id.* at 2.)  CHR did not "win" this point, and it never "insisted" on two cases.

Because CHR agreed that a CCAC was the most efficient path forward, Plaintiffs' attempt to characterize CHR's consolidation request as being "judicially estopped" fails. CHR initially objected to Plaintiffs' filing of the *Townsend* CCAC in its conversations with Plaintiffs, but never demanded that Plaintiffs commence a separate class action case.  Thus, *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, cited by Plaintiffs, does not support their position.  413 F. 3d 897, 905 (8th Cir. 2005) (rejecting judicial estoppel, and finding

---

[2] (*See Moore*, ECF 39 at 11-12; *Lusk*, ECF 24 at 13-15; *see also Lusk*, ECF 25-4.)

"judicial estoppel applies only when a party takes a position that is 'clearly inconsistent with its earlier position.'").  Nothing stopped Plaintiffs from amending the operative *Townsend* pleadings, but they chose not to do so.  Plaintiffs' continued attempt to gaslight the Court on this point must stop.

## II.    THE EFFICIENCIES TO BE GAINED REMAINED THE SAME

Plaintiffs bemoan that CHR has not identified the efficiencies to be gained with the requisite level of detail.  Plaintiffs manufacture an impossible standard for consolidation, cite no authority supporting this fiction, and argue that for consolidation to be appropriate, CHR must specifically identify what witnesses exist who would testify in both matters.

CHR need not identify every single witness who it expects will testify in this matter at this point.  *See Haddley v. Next Chapter Tech., Inc.*, No. CV 16-1960 (DWF/LIB), 2017 WL 1483333, at *4 (D. Minn. Apr. 25, 2017).  Indeed, CHR cannot identify with certainty its Rule 30(b)(6) witnesses until Plaintiffs serve topics upon which it desires testimony. Nevertheless, CHR anticipates that the designated representatives will be the same for both cases because CHR's field representatives are divided by commodity, not by grower, and such representatives have knowledge of the facts related to Plaintiffs' marketing allegations as well as disclosure allegations.  In other words, for all Plaintiffs growing the same commodity, it is likely that the same representative will be designated concerning both the Marketing and Disclosure claims.  Because the claims involve many of the same witnesses, there can be no dispute that these cases should be consolidated for discovery.

Beyond discovery, CHR requests that these cases be consolidated for all purposes as well (and should frankly be merged into a single case) because the causes of action

3

asserted are virtually identical.  (*Moore*, ECF 80 ¶¶ 77-110; *Lusk*, ECF 1 ¶¶ 151-213.)  In essence, Plaintiffs assert breach of the same contracts based upon two separate theories—Marketing and Disclosure.  Adjudication should therefore take place on the same schedule.

## III.   PLAINTIFFS HAVE IMPROPERLY SPLIT THEIR CLAIMS

That there is currently no overlap between named Plaintiffs in *Moore* and *Lusk* is ultimately immaterial.  Plaintiffs have stated that the *Moore* Plaintiffs will pursue their Disclosure claims as putative class members in *Lusk*.  In other words, even though the *Moore* Plaintiffs supposedly possess Disclosure claims, they have chosen to "lay in the weeds" rather than join the *Lusk* complaint.[3]  Thus, when CHR obtains summary judgment in *Moore*, the *Moore* Plaintiffs' Disclosure claims will be extinguished because they could have been, and in fact previously were, brought within the same case.  *See MacIntyre v. Lender Processing Servs., Inc.*, 2012 WL 4872678, at *2 (D. Minn. Oct. 15, 2012) (finding claims to be improperly split where, *res judicata* would preclude the parties from re-litigating issues that were or could have been raised in the previous action).

Plaintiffs' reliance upon *Woodard v. Chipotle Mexican Grill, Inc.*, is misplaced.  In *Woodard*, the court found that the plaintiff could not have joined the related case because the Court had denied conditional collective certification under the FLSA.  No. 14-CV-4181 SRN/SER, 2015 WL 3447438, at *5 (D. Minn. May 28, 2015).  The opposite is true here. The *Moore* Plaintiffs *did* join the *Lusk* Plaintiffs to pursue their claims in a single action,

---

[3] Indeed, whether this separation will continue remains to be seen, as Plaintiffs have recently informed the Special Master of their desire to amend each complaint yet again, adding additional named Plaintiffs in the *Lusk* case.

but later decided to split these claims in order to assert them is a separate action in an attempt to gain procedural advantages.  This difference is critical.  As in *MacIntyre*, where plaintiffs *could have* brought related claims in another case, raising such claims in a subsequent case is improper claim-splitting.  The *Moore* Plaintiffs should be consolidated with *Lusk*, or dismissed with leave to re-file by amending the *Lusk* complaint.

## IV.      PLAINTIFFS SEEK TO VIOLATE ONE-WAY INTERVENTION

With regard to the framing of the rule against one-way intervention, Plaintiffs once again have the argument backwards.  CHR has never argued that Plaintiffs "won't do a good job litigating the issues in *Moore* as they would in *Lusk*."  Rather, CHR's argument is that Plaintiffs will attempt to take the result in a less-lucrative and potentially faster-moving matter (*Moore*) and use it as sword "collaterally against CHR here in *Lusk*, where the stakes are arguably higher."  (*Lusk*, ECF 24 at 20.)  Indeed, Plaintiffs already admitted they would seek to do so.  (*See Moore*, ECF 38.)  Plaintiffs' counterfactual argument that CHR has "not identified any claim or issue in *Moore* which could constitute an unfavorable decision on any claim in *Lusk*," is demonstrably false.  CHR has repeatedly explained the overlap.  (*See, e.g., Lusk*, ECF 24 at 21 n. 8; *Moore*, ECF 99 at 14.)

Nor is it any response to suggest, that consolidation should be denied because CHR *might* be able to convince the Court to limit the preclusive effect of an (albeit unlikely) unfavorable summary ruling in *Lusk*.  Consolidation is required now to prevent the potential unfairness of Plaintiffs' naked attempt to avoid the rule against one-way intervention.

Dated:  June 23, 2020

Respectfully Submitted,

**FAFINSKI MARK & JOHNSON, P.A.**

s/ Patrick J. Rooney
Patrick J. Rooney (#0198274)
Bradley R. Hutter (#0396531)
Adina R. Florea (#0395026)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344
(952) 995-9500
*patrick.rooney@fmjlaw.com*
*bradley.hutter@fmjlaw.com*
*adina.florea@fmjlaw.com*

Peter Wozniak (*admitted pro hac vice*)
Mark Wallin (#0401450)
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Peter.Wozniak@btlaw.com
MWallin@btlaw.com

*Attorneys for Defendants C.H. Robinson*
*Worldwide, Inc., C.H. Robinson Company, Inc.,*
*and C.H. Robinson Company*