## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Moore d/b/a Moore Family Farms, et al., | Civil No. 20-cv-0252 (PJS/HB) |
| Plaintiffs, | |
| v. | **ORDER ON CONSOLIDATION** |
| C.H. Robinson Worldwide, Inc., et al., | |
| Defendants. | |

---

| | |
|---|---|
| Terry Lusk, Jason Lusk, and Justin Lusk, individually and d/b/a JTJ Farms, et al., | Civil No. 20-cv-0879 (PJS/HB) |
| Plaintiffs, | |
| v. | |
| C.H. Robinson Worldwide, Inc., et al., | |
| Defendants. | |

---

On the Report and Recommendation of this Court's Rule 53 Master dated July 9, 2020, the above cases *Terry Lusk, et al. v. C.H. Robinson Worldwide, Inc. et al.* ("*Lusk*"), and *David Moore et al v. C.H. Robinson Worldwide, Inc. et al.* ("*Moore*") (ECF No. 119 in *Moore*, 20-cv- 0252, No. 38 in *Lusk*, 20-cv-0879), are hereby **CONSOLIDATED** as follows:

1. Except with respect to class certification and related class matters in *Lusk, Lusk* and *Moore* are hereby consolidated for all pretrial purposes, including: pre-trial conferences and orders; scheduling and

scheduling orders; pleading amendments; party joinders; meeting and conferring; discovery responses, disputes and rulings; pretrial sanctions; pretrial dispositive motions and rulings; and all other pre-trial matters, except as otherwise ordered by the undersigned;

2.     So long as Plaintiffs in *Lusk* and in *Moore* are represented by one or more common counsel in both cases (i) at the time of a discovery answer or response, (ii) at the time of production of documents or (iii) at the time of deposition testimony, all such discovery answers and responses, documents and deposition testimony in these consolidated cases may be used, as relevant and as otherwise provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure, by the parties in either case for any purpose. Notwithstanding the provisions of this paragraph 2, such provisions are fully subject to other *in limine* or trial restrictions or determinations made *de novo* by the undersigned;

3.     So long as Plaintiffs in *Lusk* and *Moore* are represented by one or more common counsel in both cases at the time of any fully submitted dispositive motions, the resulting ruling shall be, as applicable, the law of the case and binding on the parties of both *Lusk* and *Moore.* Notwithstanding the provisions of this paragraph 3, such provisions are fully subject to other limitations or determinations made *de novo* by the undersigned;

4.     This Consolidation Order does not consolidate *Lusk* and *Moore* for purposes of trial, for *in limine* pre-trial proceedings or for trial rulings, but this Order is without prejudice to any party, after the finality of any class certification process in *Lusk,* moving for such consolidation, which motion shall be determined *de novo* by the undersigned;

5.     *Lusk* and *Moore* are not hereby merged into one case, and except as provided here or by further order of the undersigned, each of *Lusk* and *Moore* shall retain their individual case identities, with the parties in each cases retaining all such parties' separate rights including settlement conferences and positions, class issues, client privileges, procedural and substantive rights in the prosecution or defense of the claims in each such case, and in each such case all their separate trial, post-trial and appellate related rights provided by law, by applicable Rules of Civil Procedure and related law, by applicable Rules of Appellate Procedure and related law, and by applicable Rules of Evidence and related law.

6.      Until the undersigned orders otherwise, all motions, submissions and
        other documents to be filed with the Court shall have a caption stating
        both the caption and case number of each of *Moore* (appearing first)
        and *Lusk* (appearing next) as shown above, and shall be filed in the
        dockets of both cases.


Dated: July 28, 2020

PATRICK J. SCHILTZ
United States District Court Judge