UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MOORE, d/b/a Moore Family Farms; KEVIN RENTZ, AMANDA CALHOUN RENTZ, DENNIS BRUCE RENTZ, and KARLA JO RENTZ, d/b/a Rentz Family Farms; PHIL SANDIFER & SONS FARMS LLC; POWE FARMS MANAGEMENT LLC; GLOBAL FRESH, S.A.C.; CE COMERCIAL, S.A.C.; and TOWNSEND BROTHERS AG ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON WORLDWIDE, INC., d/b/a C.H. Robinson Company, Inc.; C.H. ROBINSON COMPANY; and C.H. ROBINSON COMPANY, INC.,<br><br>Defendants. | Case No. 20-CV-0252 (PJS/ECW)<br><br><br><br>ORDER |

Mark William Wallin and Christina M. Janice, BARNES & THORNBURG LLP; and Patrick J. Rooney and Bradley Richard Hutter, FAFINSKI MARK & JOHNSON, P.A., for defendants.

Plaintiffs brought this action against defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, and C.H. Robinson Company, Inc. (collectively, "CHR"), alleging violations of the Perishable Agricultural Commodities Act ("PACA"), breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. As is relevant here, CHR counterclaimed for breach of contract against

plaintiffs Global Fresh, S.A.C. ("GF") and CE Comercial, S.A.C. ("CEC"). The Court recently granted CHR's motion for default judgment on its counterclaims against GF and CEC and, finding no just reason for delay, entered judgment.

This matter is before the Court on CHR's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment to add prejudgment interest and clarify that CHR is entitled to post-judgment interest. For the reasons that follow, the motion is granted.

## I. BACKGROUND

As described in more detail in the Court's order granting default judgment, GF and CEC breached three contracts with CHR by failing to provide the minimum weekly volume of asparagus that they had promised to provide. ECF No. 249 at 14–15. The Court awarded $198,242.44 to CHR and against GF for breaching the 2017 contract; $156,153.28 to CHR and against GF and CEC for breaching the 2018 contract; and $2,661,027.30 to CHR and against GF and CEC for breaching the 2019 contract. *Id.* at 17–18.

## II. ANALYSIS

### A. Prejudgment Interest

The parties' contracts provide that they are governed by Minnesota law. *See* ECF No. 227-1 at 5; ECF No. 227-4 at 4, 17; ECF No. 227-6 at 4; *Hagstrom v. Am. Circuit Breaker Corp.*, 518 N.W.2d 46, 48 (Minn. Ct. App. 1994) (parties may contractually agree that a

particular state's law will apply to their disputes).  In addition, CHR's counterclaims are brought under Minnesota law.  Thus, CHR's entitlement to prejudgment interest is governed by Minnesota law.  *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir. 2003).

CHR seeks prejudgment interest pursuant to Minnesota common law, under which a party is entitled to recover prejudgment interest from the time that the party's claim accrued if the party's damages were readily ascertainable either by computation or by reference to generally recognized standards.  *Grandoe Corp. v. Gander Mountain Co.*, 761 F.3d 876, 889–90 (8th Cir. 2014).

The Court agrees that CHR's damages were readily ascertainable at the time that CHR's claims arose.  *See* ECF No. 249 at 14–15 (describing how CHR's damages were calculated).  Further, the Court finds that CHR's claims arose on the last date of each contract (June 1, 2018, December 14, 2018, and February 25, 2020, respectively).  ECF No. 227-1 at 1; ECF No. 227-4 at 3–5; ECF No. 227-6 at 1, 4.  Finally, the Court finds that the applicable prejudgment interest rate is 6 percent.  Minn. Stat. § 334.01, subd. 1; *Hogenson v. Hogenson*, 852 N.W.2d 266, 272 (Minn. Ct. App. 2014).  CHR is therefore entitled to prejudgment interest as follows:

| Contract | Party | Date claim arose | Judgment Amount | Daily interest | Number of days | Total |
|---|---|---|---|---|---|---|
| 2017 | GF | 06/01/18 | $198,242.44 | $32.58 | 2,639 | $85,978.62 |

| 2018 | GF & CEC | 12/14/18 | $156,153.28 | $25.66 | 2,443 | $62,687.38 |
|---|---|---|---|---|---|---|
| 2019 | GF & CEC | 02/25/20 | $2,661,027.30 | $437.42 | 2,005 | $877,027.10 |
| **Total Prejudgment Interest** | | | | | | **$1,025,693.10** |

### B. Postjudgment Interest

Pursuant to 28 U.S.C. § 1961, CHR is also entitled to postjudgment interest. *See ResCap Liquidating Tr. v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 922 (8th Cir. 2023) (§ 1961 governs the award of postjudgment interest for state-law claims). This includes postjudgment interest on the award of prejudgment interest. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 735 F.3d 993, 1008 (8th Cir. 2013); *see also Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) ("it is well-established in other circuits that postjudgment interest also applies to the prejudgment interest component of a district court's monetary judgment") (citations omitted).

Under § 1961(a), postjudgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of judgment." The average Treasury yield rate for the calendar week preceding the date of the original judgment was 3.9 percent.

*See* Rooney Decl. [ECF No. 254] ¶ 3 & Ex. 1.  The Court will therefore amend the judgment to specify that CHR is entitled to recover postjudgment interest on the amount of the original judgment at the rate of 3.9 percent from August 22, 2025 (the date of the original judgment) until the amount of the original judgment is paid.  CHR will also be entitled to recover postjudgment interest on the award of prejudgment interest calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of" the amended judgment.  28 U.S.C. § 1961(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to alter or amend the judgment [ECF No. 251] is GRANTED IN PART and DENIED IN PART.

2. The August 22, 2025, judgment is AMENDED as follows:

3. Defendants' motion for default judgment [ECF No. 225] is GRANTED.

4. All claims of plaintiffs Global Fresh, S.A.C. and CE Comercial, S.A.C. against defendants are DISMISSED WITH PREJUDICE for failure to prosecute.

5. With respect to the 2017 agreement, defendant C.H. Robinson Company, Inc., is entitled to recover from Global Fresh, S.A.C., as follows:

   a. Damages in the amount of $198,242.44.

   b. Postjudgment interest on the $198,242.44 damage award pursuant to 28 U.S.C. § 1961, from the date of the August 22, 2025, judgment. The applicable rate under § 1961 is 3.9 percent.

   c. Prejudgment interest in the amount of $85,978.62.  And

   d. Postjudgment interest on the $85,978.62 prejudgment-interest award, from the date of the amended judgment, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the amended judgment.

6. With respect to the 2018 agreement, C.H. Robinson Company, Inc., is entitled to recover from Global Fresh, S.A.C. and CE Comercial, S.A.C. , jointly and severally, as follows:

   a. Damages in the amount of $156,153.28;

      b.      Postjudgment interest on the $156,153.28 damage award pursuant to 28 U.S.C. § 1961, from the date of the August 22, 2025, judgment. The applicable rate under § 1961 is 3.9 percent.

      c.      Prejudgment interest in the amount of $62,687.38.  And

      d.      Postjudgment interest on the $62,687.38 prejudgment-interest award, from the date of the amended judgment, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the amended judgment.

7.      With respect to the 2019 agreement, C.H. Robinson Company, Inc., is entitled to recover from Global Fresh, S.A.C. and CE Comercial, S.A.C. , jointly and severally, as follows:

      a.      Damages in the amount of $2,661,027.30;

      b.      Postjudgment interest on the $2,661,027.30 damage award pursuant to 28 U.S.C. § 1961, from the date of the August 22, 2025, judgment. The applicable rate under § 1961 is 3.9 percent.

      c.      Prejudgment interest in the amount of $877,027.10.  And

      d.      Postjudgment interest on the $877,027.10 prejudgment-interest award, from the date of the amended judgment, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the amended judgment.

8.      C.H. Robinson Company, Inc. may tax its costs and disbursements against Global Fresh, S.A.C. and CE Comercial, S.A.C.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 31, 2025                        /s/ Patrick J. Schiltz
                                                      Patrick J. Schiltz, Chief Judge
                                                        United States District Court